MULTNOMAH CIRCUIT, NOVEMBER TERM, 1869.

## THE CITY OF PORTLAND v. JOHN WHITTLE.

DEDICATION.—When the owners of land lay it off into blocks and streets, and sell lots abutting on a street so laid off, so that the street is a convenience to the purchasers of the lots, those acts amount to a dedication of such street.

DEDICATION BINDS PURCHASERS.—Such persons, and all persons subsequently claiming under them, are bound.

NOT REVOCABLE.—When the land is dedicated by the owners and becomes a street, the subsequent assent of such owners, that it should be used as a public square, would not change its character from that of a street.

CITY COUNCIL.—If the locus in quo is a street, an order of the city council directing it to be fenced up is void.

IN form this was an action for a violation of city ordinance No. 321, which provides against breaking "any gate or fence placed around any public square" of the city of Portland. It was tried in the recorder's court, and judgment being had against the defendant, he appeals to this court.

David Logan, Esq., for the defendant, admits that the defendant forcibly broke the gate and entered upon the premises in question; namely, the ground commonly called "the public square," situated between Madison, Salmon, Third and Fourth streets in the city of Portland. But he says the gate, and the place upon which the defendant so entered, was on a public street called "Main street," which runs through and over the centre of the said ground called the public square. That the officers of the city had unlawfully caused a fence, and the said gate, to be erected across said Main street. That the entry was made in the course of

defendant's lawful use of said street, without unlawful design or intent, and for the purpose of testing the question whether the place of said entry is a public street of the city or a public square of the city.

*C. A. Dolph, Esq.*, city attorney, for the plaintiff, claims that the ground in question is a public square. He also claims that the question whether it is lawfully so or not cannot be tried here; that the city council are clothed with discretion to the extent, that if they erroneously erected such fence, it is not the right of an individual to remove it by force.

The plaintiff introduced city ordinance No. 148, passed October 22, 1863, directing the ground to be fenced. Defendant admits that the city council directed the fence and gate to be erected, and that said council also approved and accepted the work.

The proof shows that the title of the city to the premises rests upon dedication made by the owners of the soil, there being no deeds of conveyance and no written evidence of right in the city, except certain maps made by the owners of the soil at the laying out of the city into town lots; that at the time the proprietors of the soil laid out the surrounding grounds into blocks and town lots, for the purpose of sale, the maps used by them represented the premises in question as consisting of two blocks, numbered 53 and 54, each two hundred feet square, and separated from each other by a street sixty feet wide, running through said premises, marked "Main street;" that said maps were publicly used and known in the city; that upon such representations made by the proprietors of the soil, said surrounding grounds have been by them sold as town lots; that many of the lots so sold abut upon Main street;* that the city au-

---

* NOTE.—The maps or town plots used by the proprietors and those occupying lots as early as 1850, represented Main street extending through the premises in question. These maps, which were relied upon as authentic and approved by the city council as late as 1856, represented several public squares, which the city holds in different parts of the town, and claims by virtue of dedication by owners of the soil. All these squares are denoted on said maps by a particular color, different from that on any other lots or blocks, and blocks 53 and 54 have the same coloring on these maps that is used to denote the other public squares. But the space in controversy, sixty feet wide, is left between these two blocks uncolored, and is represented as a street passing between these two blocks, and marked "Main street" on said maps; and blocks 53 and 54 are marked 200 feet square and surrounded on all sides by black lines, separating those blocks from said Main street in the same mode as from other streets.

thorities accepted of the said dedication as made and evidenced by said maps, and with a knowledge that the same proprietors of the soil who made the said maps and the said dedication, had sold divers city lots abutting on said Main street—there being no evidence of any title in the city or in the public to the premises, except that of the dedication aforesaid. The case was submitted to the jury.

UPTON, J. instructed as follows:

If you find that the whole premises enclosed, including blocks 53 and 54 and the space between them, marked on the map "Main street," is one public square, not subject to a right of way from east to west through the middle of it, the plaintiff is entitled to a verdict.

If you find there are two public squares within the enclosure, and that Main street is a public street, leading through the premises in question, your verdict should be in favor of the defendant.

When a man or company of men own land, and lay it off into blocks and streets, and sell lots abutting on a street so laid off, so that the street is a convenience to the purchasers of the lots, those acts amount to a dedication of the land so laid off into streets, and the persons so laying it off can not recall it or in any manner prevent its being used as streets.

Such persons are barred or estopped by their acts, and all persons or corporations subsequently claiming under them are equally bound.

If the city derives its title from Lownsdale, Coffin and Chapman, or from either of them, and that part of the premises on which the gate was placed was dedicated as a street before or at the time the city became owner of the blocks 53 and 54, the city can not now claim that it is not a street.

If the owners of the soil once dedicated it, and it became a street, their subsequent assent that it should be used for a public square, would not change its character from that of a street.

If the place in question was a public square and not a street, the acts of the city council in regard to it are valid. But if it was a street, the council had no authority to order

it fenced up, and in that case, any order of the city council directing it to be fenced up is void.

The jury rendered a verdict for the defendant. The plaintiff moved for a new trial, and, after argument, the motion was overruled and judgment rendered in favor of the defendant.